IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 29, 2012 Session


**CHARLES ROBERT BRAUN, JR. v. NITA LYNN BRAUN**


**Appeal from the General Sessions Court for Roane County**
**No. 9774A        Dennis W. Humphrey, Judge**

————————————


**No. E2012-00823-COA-R3-CV-FILED-OCTOBER 2, 2012**

————————————


CHARLES D. SUSANO, JR., J., concurring.

I do not disagree with the majority opinion's decision to remand this case to the trial court so it can consider whether an upward deviation in the child support for Titus Braun is appropriate. I write separately to point out that the majority opinion should not be read as carte blanche to transfer automatically – and without legal justification for doing so – the difference between (a) the support previously ordered for two children and (b) that which would have been ordered for one child, as the amount of an upward deviation in the support for Titus. A court cannot do indirectly what it cannot legally do directly. *See*, *e.g.*, ***Kimberly-Clark Corp. v. Cont'l Cas. Co.***, No. 3:05-CV-0475, 2006 WL 3436064 at *2 (N.D. Tex., Nov. 29, 2006).

Deviations in the amount of child support must be viewed in the context of the child for whom an obligor parent is responsible – in this case, Titus. "In deviating from the Guidelines, primary consideration must be given to the best interest of the child for whom support under these Guidelines is being determined." Tenn. Comp. R. & Regs. Ch. 1240-2-4-.07(1)(b) (2006). *See also **id**.* at (2)(a):

> In making its determination regarding a request for deviation pursuant to this chapter, the tribunal shall consider all available income of the parents as defined by this chapter and shall make a written finding that an amount of child support other than the amount calculated under the Guidelines is reasonably necessary *to provide for the needs of the minor child or children for whom support is being determined in the case immediately under consideration.*

(Emphasis added.)

If an upward deviation is to be ordered in this case, it must be done in strict compliance with the text of the Child Support Guidelines which, as is well-established, have the force of law. *Jahn v. Jahn*, 932 S.W.2d 939, 943 (Tenn. Ct. App. 1996) (*citing Nash v. Mulle*, 846 S.W.2d 803, 804 (Tenn. 1993)).

I concur in the majority opinion.

_____
CHARLES D. SUSANO, JR., JUDGE